PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

IVANA DJAK (NYBN 5516687)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3918
    FAX: (510) 637-3724
    ivana.djak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> v. </br></br> LEVAR LEE GAULDING, </br></br> Defendant. | **CASE NO. 22-CR-460 HSG** </br></br> **UNITED STATES' SENTENCING MEMORANDUM** </br></br> Court:    Hon. Haywood S. Gilliam Jr. </br> Hearing Date:    April 9, 2025 </br> Hearing Time:    2:00 .M. |

## I. INTRODUCTION

In December 2022, the Defendant, Levar Lee Gaulding, was charged with one count of Possession with Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). In January 2024, he pled guilty to the sole count of the Indictment pursuant to a Plea Agreement, which provided that if the Defendant successfully completed the Conviction Alternatives Program ("CAP"), the government would file a Superseding Information. The Defendant completed CAP, and the government filed a Superseding Information on March 27, 2025, charging the Defendant with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 84l(a)(l) and (b)(l)(C). Given the Defendant's extraordinary participation in CAP and compliance with the conditions of his pretrial release, the government recommends a time-served sentence and four years of supervised release.

## II. BACKGROUND

### A. The Offense Conduct

On January 11, 2022, the Defendant was driving a friend's car with heavily tinted windows when the vehicle got stuck in a drainage ditch. *See* Dkt. No. 67 Presentence Report ("PSR") ¶ 9. He exited the vehicle and law enforcement personnel approached him. The Defendant told officers that he had a "crank pipe" and when officers approached the vehicle, which had an open window, they could see methamphetamine in plain view. The officers searched the Defendant's person and found several baggies of methamphetamine. They then searched the vehicle and found a tupperware container on top of the console between the two front seats with a large plastic bag of methamphetamine. A small piece of methamphetamine was also on top of the driver's seat. *See Id.* ¶¶ 9–12. The drugs were lab tested and determined to consist of 372 net grams of methamphetamine. *Id.* ¶ 12. A further search of the vehicle uncovered a shotgun in the rear cargo compartment of the vehicle. The Defendant advised officers that he had borrowed the vehicle from a friend; and that friend later confirmed she was the owner of the vehicle and shotgun. *See Id.* ¶ 13.

### B. The Defendant's Criminal History

The Defendant has a lengthy and violent criminal history stretching back 30 years, including multiple convictions for, among other offenses, drug trafficking, domestic violence, being a felon in possession of a firearm, and burglary, and dozens of arrests for offenses ranging from robbery and arson to assault with a deadly weapon and domestic violence. *See* PSR ¶¶ 30–83.

### C. The Defendant's Participation in CAP

After his federal arrest in this case on December 16, 2022, the Defendant was released and placed in a residential substance abuse program. PSR ¶ 4. While participating in that program, the Defendant through his counsel contacted the government to seek to take responsibility for his actions, and to ask for a chance to participate in the Conviction Alternatives Program ("CAP"). On March 4, 2024, the Defendant began participating in CAP. *Id.* ¶ 5. By all accounts, the Defendant was an exemplary CAP participant—he participated in weekly individual and group counseling, weekly Courage to Change sessions, community service, weekly meetings on 12-step recovery, and weekly drug

testing. PSR ¶ 5. The Defendant was an active participant in all CAP meetings, and his counselors have confirmed that he consistently engaged in his sessions. *Id.* ¶¶ 7–8. Since being placed on pretrial supervision in December 2022, the Defendant has not had a single violation. *Id.* ¶ 102. He is employed as a substance abuse counselor, *id.* ¶ 104, and is working to regain custody of his kids, *id.* ¶ 102.

### III.  PROCEDURAL HISTORY

On December 7, 2022, the Defendant was charge with one count of Possession with Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). Dkt. No. 1.

On January 5, 2024, the Defendant pled guilty to the sole count of the Indictment pursuant to a Plea Agreement under Rules 11(c)(1)(A) and 11(c)(1)(B). Dkt. No. 50 ("Plea"). The Plea Agreement, provided that if the Defendant successfully completed CAP the government would file a Superseding Information charging the Defendant with a non-mandatory minimum charge. Dkt. No. 49. The Defendant completed CAP on March 3, 2025. PSR ¶ 5.

On March 27, 2025, the government filed a Superseding Information charging the Defendant with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 84l(a)(l) and (b)(l)(C). Dkt. No. 68.

Sentencing is set for April 9, 2025, at 2:00 p.m.

### IV.  SENTENCING GUIDELINES CALCULATION

The parties entered to a Plea Agreement resulting in an adjusted offense level of 31. The calculation is as follows: Possession with Intent to Distribute Methamphetamine (Base Offense Level 32, pursuant to U.S.S.G §2D1.1). There are no specific offense characteristics, resulting in an adjusted offense level of 32. There is a two-level enhancement because the defendant is a career offender, under U.S.S.G. §4B1.1(b)(2). There is a three-level reduction for Acceptance of Responsibility, pursuant to U.S.S.G § 3E1.1. This results in an adjusted offense level of 31. *See* Plea¶ 8; PSR ¶ 27. The Defendant's criminal convictions result in a criminal history category VI. *Id.* ¶ 59. This results in a guideline range of 188 to 235 months. *Id.* ¶ 64. The Probation Office agrees. *Id.* ¶ 3.

## V.   APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines.  *Id.*  After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *Id.* at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)   the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)   the need for the sentence to protect the public from future crimes of the defendant;

(5)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6)   the need to provide restitution to any victims of the offense.

## VI.   RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a downward variance to a sentence of time served and four years of supervised release.  The variance is warranted based on the Defendant's extraordinary participation in CAP and his efforts at turning his life around.

The nature and circumstances of the Defendant's offense are serious.  The Defendant had large quantities of methamphetamine on his person and in the vehicle he was driving.  There was also a shotgun in the vehicle.  Moreover, the Defendant has a lengthy violent criminal history dating back 30 years, including for assault with a deadly weapon and domestic violence.  This is not a recommendation that the

1  government makes lightly.

2      The Defendant has been on pretrial release for nearly two and a half years, and he has not incurred any violations. He has made every court appearance. He earnestly participated in CAP. He reached out to the government early to take full responsibility for his actions. He expressed a desire to change and to be present for his two minor children whose mothers have both tragically died recently. And he has followed through on his promises—he is multiple years sober, gainfully employed, and counseling others. It is the government's hope that the Defendant stays the course on his recovery and rehabilitation and continues to lead a productive life.

    The government supports Probation's recommended special conditions of supervised release, *see* PSR Recommendation, and notes that the parties agreed to a suspicion less search condition in their Agreement, *see* Plea ¶ 9.

DATED: April 7, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

_____/S/_____
IVANA DJAK
Assistant United States Attorney